Dear Dr. Caillier:
This is a response to your request for the opinion of the Attorney General concerning the applicability of Article VII, §2.1 of the Louisiana Constitution (1974) to a fee assessed to parents of students attending Southeastern Louisiana State University Laboratory School ("SLU lab school"). You indicate in your opinion request, and in subsequent information relayed to this writer, the following facts with respect to the lab school and the fee at issue:
 1.) The SLU lab school is a public school within the Tangipahoa Parish School System and it receives minimum foundation program funds.
 2.) The lab school is approved by the Louisiana Department of Education, it follows all state regulations, including state curriculum guidelines.
 3.) The teachers employed by the lab school are employees of the Tangipahoa Parish School System.
 4.) The lab school receives nominal funds from the University for upkeep of the lab school library and for travel expenses.
 5.) The lab school is located on the SLU campus and SLU students assist as teachers' aides throughout the school year.
 6.) The lab school is operated as a cooperative endeavor between the Tangipahoa School Board and SLU.
Article 7, § 2.1 of the Louisiana Constitution (1974) provides with respect to the raising of fees:
 (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
 (B) The provisions of this section shall not apply to any department which is constitutionally created and headed by an officer who is elected by majority vote of the electorate of the state. (Emphasis added).
The fee in question is, as a practical matter, collected by SLU and remitted to the lab school for its operation. However, considering all relevant facts, it appears that the fee is not actually "assessed" by SLU. The fee, and the decision to raise the level of the fee, which is presently at issue, is determined by a committee comprised of parents of students attending the lab school and school administrators, who are local school board employees. Based upon this fact, and those facts recited above which indicate that the lab school is actually a locally controlled entity, it is the conclusion of this writer that the lab school fee is actually assessed by the lab school for its own purposes. The fee is not a state assessed fee and, therefore, does not fall within the requirements of Article 7, § 2.1 of the Louisiana Constitution (1974).
I hope this has adequately answered your question.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ GINA PULEIO CAMPO Assistant Attorney General
RPI/GPC:lrg